UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMIE HAWLEY,
    Plaintiff,

vs

OHIO DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.

Case No. 1:13-cv-729

Weber, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

    Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, brings this action against the Ohio Department of Corrections and various state correctional officials. In his complaint, plaintiff alleges that on February 17, 2013, certain LeCI correctional officers, who are not named as defendants in the lawsuit, used excessive force against him, which has caused him to have "crazy headaches and dizzy spells." (*See* Doc. 1, Complaint, pp. 5-6). Plaintiff claims that the defendants are liable for failing to investigate the matter and ruling in favor of the correctional staff when he filed complaints against them. (*Id.*, pp. 6-7). It also appears that plaintiff is challenging his placement in a higher level security classification as a result of the incident. (*See id.*, p. 7). In addition, plaintiff generally contends that health and safety code violations occur at LeCI, which are "overlooked by the State" and which render the place unsafe and "unfit to house inmates." (*Id.*, p. 8). As relief, plaintiff requests that LeCI be "closed down immediately" and that the State be required to pay "all of [plaintiff's] medical bills." (*Id.*). This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 1). For the reasons that follow, plaintiff's motion should be denied.

    A prisoner's right to proceed *in forma pauperis* has now been restricted by Congress. In

accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court has previously found that Jamie Hawley is prevented by the PLRA from filing any civil actions in this Court *in forma pauperis* "because he has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted." *See Hawley v. State of Ohio, et al.,* Case No. 1:08-cv-198 (S.D. Ohio March 31, 2008) (Dlott, J.) (Doc. 2), citing *Hawley v. Schotten,* Case No. 4:93-cv-1868 (N.D. Ohio Oct. 13, 1993) (Docs. 3-4) (complaint dismissed for failure to state a claim for relief); *Hawley v. Brown & Williamson Tobacco Corp.,* Case No. 1:95-cv-694 (S.D. Ohio Apr. 5, 1996) (Doc. 15) (complaint dismissed as malicious to the extent it involved the filing of a repetitive action and misrepresentation of the existence of a prior action); *Hawley v. Ohio Dep't of Admin. Services,* Case No. 2:96-cv-50 (S.D. Ohio June 10, 1996) (Doc. 19) (complaint dismissed for failure to state a claim for relief), *aff'd*, No. 96-3716, 1997 WL 570342 (6th Cir. Sept. 11, 1997); *Hawley v. Ohio Public Defender*, Case No. 2:96-cv-391 (S.D. Ohio May 3, 1996) (Doc. 5) (complaint dismissed as frivolous); *Hawley v. State of Ohio*, Case No. 1:05-cv-169 (N.D. Ohio Mar. 17, 2005) (Docs. 4, 5) (complaint dismissed for failure to state a claim for relief). More recently, a court in the Eastern District of Texas refused to grant plaintiff pauper status under the "three strike" rule. *See Hawley v. Moore, et al.,* Case No. 1:09-cv-850 (E.D. Tex. Oct. 27, 2009) (Docs.

4, 7, 8). Plaintiff's previous dismissals also prevent him from filing this action *in forma pauperis*.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis,* 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley,* 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson,* 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar,* 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. There is no indication that plaintiff is under "imminent danger of serious physical injury" as a result of the defendants' handling of the grievance and disciplinary

3

proceedings that stemmed from a single incident occurring at LeCI in February 2013. Nor do plaintiff's conclusory allegations about the conditions of confinement at LeCI demonstrate that he is under "imminent danger of serious physical injury." Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) should be denied under 28 U.S.C. § 1915(g),

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/22/13

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMIE HAWLEY,
    Plaintiff,

vs

OHIO DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.

Case No. 1:13-cv-729

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Jamie Hawley #545242
    Lebanon Corr. Inst.
    P.O. Box 56
    Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____ ☒ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)

   7011 3500 0001 5345 9541

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Warden
   Lebanon Corr. Inst.
   P.O. Box 56
   Lebanon, Ohio 45036

2. Article Number
   *(Transfer from service label)*

   7011 3500 0001 5345 9565

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X
   ☐ Agent
   ☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of Ohio Attorney General
Criminal Justice Section
150 East Gay Street
16th Floor
Columbus, OH 43215

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 9558

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540